USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK DITTO, | |
| Plaintiff, | 23-CV-5814 (JHR) (BCM) |
| -against- | **ORDER REGARDING AMENDMENT** |
| CATHERINE DITTO, | |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

## Overview of Case

This action was brought by Frank Ditto (Frank) against his sister Catherine Ditto (Catherine) for alleged misconduct in connection with the administration of the estate (the Estate) of their mother Mary Ditto (Mary). Frank alleges that in 2012, Mary gifted her house (the Property) to him via a quit-claim deed, but that after Mary's death, when Catherine was appointed executor of the Estate, she used "illegally obtained emails" from Mary's email account to "prejudice" the probate court "against Plaintiff" and induce that court to deprive him of the Property. *See* Compl. (Dkt. 1) ¶¶ 5-10. On this basis, Frank asserts claims against Catherine for tortious interference with contract, unjust enrichment, and violation of his Fourth Amendment rights. *Id*. ¶¶ 11-16.

This is not the first time that Frank has sued Catherine regarding her alleged misconduct concerning the Property. Apart from whatever claims he made in the probate proceeding itself, Frank has brought at least two prior federal actions against Catherine:

On May 27, 2017, Frank sued Catherine in the Northern District of California, alleging that she used "undue influence to abscond from a contractual agreement made by Mary Ditto and Frank Ditto concerning will and testament of an agreement of the house of real property." Compl. (Dkt. 1) at ECF p. 5, *Ditto v. Ditto*, No. 17-CV-3063 (N.D. Cal. May 26, 2017). That case was voluntarily dismissed on August 3, 2017.

On December 30, 2022, Frank sued Catherine and the Estate in this Court, alleging that, "[a]fter two and a half years of probate," Catherine was trying to "includ[e] the [P]roperty as part of the estate" in retaliation for what Frank describes as her dissatisfaction with a settlement reached in the Northern District of California case. *See* Compl. (Dkt. 2-1) at ECF pp. 3-7, *Ditto v. Estate of Ditto*, No. 21-CV-11235 (S.D.N.Y. Dec. 30, 2021) (noting the Property is located at "2109 Crosby Street, Rockford, IL"). One week later, the Hon. Laura Taylor Swain, Chief United States District Judge, transferred the case to the Northern District of Illinois, because venue was improper in this District. *See* Transfer Order (Dkt. 3), *Ditto v. Estate of Ditto*, No. 21-CV-11235 (S.D.N.Y. Jan. 5, 2022). Chief Judge Swain explained that plaintiff failed to satisfy the general venue statute, 28 U.S.C. § 1391(b), in that he failed to allege that any defendant resided in this District or that a substantial part of the events or omissions giving rise to his claims arose in this District. *Id*. at 1-2.

After Frank amended his pleading several times, the Hon. Andrea R. Wood, United States District Judge, declined to grant further leave to amend and dismissed the case for lack of subject-matter jurisdiction, because "the fight over the Property's rightful owner [was] currently being litigated before a probate court." *Order* (Dkt. 83) at 2, *Ditto v. Estate of Ditto*, No. 22-CV-193

(N.D. Ill. June 2, 2023). Judge Wood explained that the probate case was ongoing before the Circuit Court of Cook County, Illinois, Probate Division (the Probate Court), as Case No. 19-P-4151, and ruled that "Plaintiff must litigate any of his claims to the Property before the probate court, not this Court or any other federal court." *Id*. at 3.

Plaintiff filed this action less than one month later, on July 1, 2023. He is proceeding *pro se* and *in forma pauperis*.

On October 1, 2023, Catherine acknowledged receipt of the summons and complaint (Dkt. 9), making her answer or other response to the Complaint due November 30, 2023. Almost immediately thereafter, Frank filed a series of proposed default certificates and judgments (Dkts. 10, 11, 12) claiming, inaccurately, that Catherine's time for answering the Complaint had already expired.

## **Time to Amend**

Plaintiff's new lawsuit raises several threshold issues, including, most obviously, whether venue is proper in this District. Although Frank now alleges, in conclusory terms, that "the events giving rise to this complaint happened in this district," Compl. ¶ 2, he does not identify any such event. Moreover, he acknowledges that Catherine resides in Forest Park, Illinois, *see id*. ¶ 4, within the Northern District of Illinois. The Property is located in Rockford, Illinois, which is in the same District. Although the Complaint does not identify the Probate Court, this Court can take judicial notice that it too is located in the Northern District of Illinois, meaning that any action Catherine took in her capacity as Executor of the Estate to "prejudice the Court against Plaintiff," *id*. ¶ 7, occurred in that District.[1]

---

[1] The face of the Complaint suggests that the Probate Court has ruled against Frank as to his alleged right to the Property. If so, this Court may be divested of subject matter jurisdiction by the *Rooker-Feldman* doctrine, which prohibits a federal court from adjudicating a claim brought by a plaintiff who (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites

3

In order to permit plaintiff to address the venue issue, it is hereby ORDERED that plaintiff may file an amended complaint, no later than **December 1, 2023**, identifying which of the events alleged in his pleading took place in the Southern District of New York. Alternatively, plaintiff may dismiss this action voluntarily, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). If the original Complaint remains plaintiff's operative proceeding as of December 1, 2023, the Court may, without further notice, dismiss or transfer this action for improper venue.

It is further ORDERED that defendant's time to answer or otherwise respond to the Complaint is EXTENDED to **December 15, 2023**. Plaintiff is advised that once defendant files an answer, he may no longer dismiss this action unilaterally. A stipulation of dismissal signed by all parties or a Court order will be required. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii), 41(a)(2).

---

the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Alternatively, plaintiff's new claims may be barred as a matter of *res judicata* or collateral estoppel. Under the doctrine of *res judicata*, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)) (internal quotation marks omitted; emphasis added). The doctrine of collateral estoppel, also known as issue preclusion, "forecloses successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 674 (S.D.N.Y. 2016) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (internal quotation marks omitted).

The Clerk of Court is respectfully directed to mail copies of this Order (i) to plaintiff at his address of record and (ii) to defendant at:

> Catherine Ditto
> 446 Ferdinand Avenue
> Forest Park, Illinois 60130

Dated: New York, New York
November 1, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**