USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK DITTO, | |
| Plaintiff, | 23-CV-5814 (JHR) (BCM) |
| -against- | **SEQUENCING ORDER** |
| CATHERINE DITTO, | |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

On November 1, 2023, the Court noted that the *pro se* Complaint in this action discloses no apparent basis for venue in this Court, and directed plaintiff Frank Ditto to file an amended complaint, no later than December 1, 2023, to identify "which of the events alleged in his pleading took place in the Southern District of New York." (Dkt. 14 at 4.) Alternatively, the Court advised plaintiff that he could dismiss this action voluntarily pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (*Id.*) In the same Order, the Court extended defendant Catherine Ditto's time to respond to the Complaint to December 15, 2023. (*Id.* at 5.)

On December 9, 2023 – without waiting for plaintiff to amend or dismiss voluntarily – defendant filed a motion to dismiss the Complaint for lack of jurisdiction (Dkt. 17), which the Court construes as made pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (3). In her accompanying memorandum, defendant argues that this Court lacks subject-matter jurisdiction under the probate exception because plaintiff improperly seeks, in this action, to obtain rulings as to what evidence defendant may or may not use in probate proceedings now pending in Illinois. (Dkt. 16 at 2, 4.) She further argues that this Court cannot exercise personal jurisdiction over her because she is a resident of Illinois and all of her complained-of conduct, including her conduct of the probate

proceedings, took place in Illinois. (*Id.* at 1-4.) Defendant adds that venue is improper in this District because none of the events alleged in the Complaint took place here. (*Id.* at 4.)

The Court's existing schedule stands. If plaintiff wishes to amend his Complaint, he must do so no later than **December 1, 2023.** If there is a factual basis on which this Court could exercise subject-matter jurisdiction over this action and personal jurisdiction over defendant, the relevant facts should be set forth in the amended complaint. In addition, plaintiff must address the venue issue, that is, he must identify which of the events alleged in his pleading took place in the Southern District of New York. Alternatively, plaintiff may dismiss this action voluntarily, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

If plaintiff amends his pleading, defendant's deadline for responding to the amended complaint remains **December 15, 2023**. If defendant wishes, at that point, to stand on her November 1, 2023 motion to dismiss, she shall so notify the Court in writing.

Plaintiff is advised that once defendant has filed an answer, he may no longer dismiss this action voluntarily pursuant to Fed. R, Civ. P. 41(a)(1)(A)(i). Instead, in order to dismiss this action, he will be required to obtain a stipulation of dismissal signed by all parties or an order of the Court, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). Those terms may include an award of costs to the defendant.

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant at:

> Catherine Ditto
> 446 Ferdinand Avenue
> Forest Park, Illinois 60130

Dated: New York, New York
November 16, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**