UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK DITTO, | |
| Plaintiff, | 23 Civ. 05814 (JHR) (BCM) |
| -v.- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CATHERINE DITTO et al., | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff Frank Ditto, acting *pro se*, brings this action against his sister, Catherine Ditto, also acting *pro se*, for "interfer[ing]" with an agreement between Plaintiff and the parties' mother, Mary Ditto. ECF No. 1. Specifically, Plaintiff avers that Defendant, following Mary's death, accessed emails in Mary's email account concerning whether she had gifted her home to Plaintiff. *See* ECF No. 19 (Am. Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Barbara Moses recommending that Defendant's motion to dismiss be granted. ECF No. 25. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Moses's recommendation.

## BACKGROUND

Plaintiff filed his Complaint on July 1, 2023. On August 23, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 4. The case was then assigned to this Court. On September 1, 2023, the Court issued an Order of Service, ECF No. 6, and Defendant was served on October 1, 2023, ECF No. 9. The Court referred the case to Judge Moses for general pretrial purposes and for a Report and Recommendation on Defendant's motion to dismiss. ECF Nos. 13, 24.

In a November 1, 2023 Order, Judge Moses noted that the Complaint had "no apparent basis for venue in" the Southern District of New York and directed Plaintiff to file an amended Complaint. ECF No. 14 at 4. On November 9, 2023, before Plaintiff amended his complaint, Defendant moved to dismiss for "lack of jurisdiction." ECF No. 15. Plaintiff then amended his Complaint on December 1, 2023. ECF No. 19. On December 18, 2023, Defendant updated her motion to dismiss, ECF No. 22. Plaintiff responded on December 31, 2023, ECF No. 23.

On May 31, 2024, Judge Moses issued a 15-page Report and Recommendation that the Court grant Defendant's motion to dismiss Plaintiff's claims for lack of personal jurisdiction, pursuant to Rule 12(b)(2), or, in the alternative, for improper venue, pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a). *See* ECF No. 25. at 14. The Report and Recommendation notified the parties that they had "14 days . . . to file written objections." ECF No. 25 at 15. The Report and Recommendation also cautioned that "**[f]ailure to file timely objections w[ould] result in a waiver of such objections and w[ould] preclude appellate review.**" *Id.* (emphasis in original). No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been

2

committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 25 at 15, Plaintiff did not file any objections to the Report and Recommendation. Thus, Plaintiff waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

Accordingly, the Report and Recommendation is adopted in its entirety, and the Court dismisses this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Clerk of Court is directed to terminate all pending motions and close the case. The Clerk of Court is further directed to mail a copy of this Order (i) to Plaintiff at his address of record and (ii) to Defendant at:

> Catherine Ditto
> 446 Ferdinand Avenue
> Forest Park, Illinois 60130.

SO ORDERED.

Dated: March 21, 2025
      New York, New York

                                                     JENNIFER H. REARDEN
                                                     United States District Judge